IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Alphonso James, Sr.,                      ) C/A No. 2:14-2596-RBH-WWD
                                          )
                        Petitioner,       )
                                          )
vs.                                       ) **REPORT AND RECOMMENDATION**
                                          )
A. Mansukhani, *Warden*,                  )
                                          )
                        Respondent.       )
                                          )
_____           )

     Petitioner, Alphonso James, Sr. ("Petitioner"), is a federal prisoner in Federal Correctional Institution Estill ("FCI Estill") in Estill, South Carolina. Petitioner, proceeding pro se and in forma paupers, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 262-month sentence imposed upon him by the United States District Court for the Middle District of Florida, on March 1, 1996. (See Dkt. No. 1 at 2 of 11.) This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.

## PRO SE HABEAS REVIEW

     Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

construing a petition filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially-meritorious case. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). When a federal court is evaluating a <u>pro</u> <u>se</u> petition, the petitioner's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is challenging his enhanced sentence, imposed pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), after a jury convicted him of violating 18 U.S.C. § 922(g), <u>i.e.</u> being a felon in possession of a weapon.[2] As noted in <u>James v. Warden, FCC Coleman-Medium</u>, 550 F. App'x 835, 836 (11th Cir. 2013), "[a]fter his conviction and sentence were affirmed on appeal, [Petitioner] mounted several collateral attacks on his conviction; none were successful." Citing to <u>Olten v. United States</u>, 134 S. Ct. 639 (2013), Petitioner asserts that <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), is retroactive on collateral review. Petitioner asserts that he is "in 'innocence' of the enhanced sentence" because "[t]he manner in which Petitioner's sentence was executed . . . is now rejected jurisprudence by the Supreme Court in <u>Descamps</u>." (Dkt. No. 1 at 5-6 of 11; Dkt. No. 1-1 at 4 of 12.) Petitioner contends his enhanced sentence was based on four prior convictions, three of which are convictions pursuant to "Florida Drug Statute

---

[2] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who have three or more previous convictions for "a violent felony or a serious drug offense, or both," who unlawfully possess, among other things, firearms. <u>See</u> 18 U.S.C. § 924(e); <u>see infra</u> n.5.

893.13," and these three convictions are no longer considered an "aggravated felony pursuant to federal law." (Dkt. No. 1 at 5-6 of 11; Dkt. No. 1-1 at 5 of 12.) Petitioner states that he seeks the following relief (verbatim):

> Petitioner prays that this Court invalidate the prior convictions of non-aggravated felony of offenses, from the petitioner's sentence enhancement, and order Petitioner's immediate release, or in the alternative modify the petitioner's sentence, because he have done ten (10) years over the statutory maximum.

(Dkt. No. 1-1 at 11 of 12.)

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). A § 2255 motion must be brought in the sentencing court. Generally speaking, a "a § 2255 motion 'attacks the legality of detention,'" whereas "a § 2241 petition 'attacks the execution of a sentence rather than its validity.'" Brown v. Rivera, Civ. A. No. 9:08-cv-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009) (quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), and citing United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989)). A petition pursuant to § 2241 must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426 (2004).[3] Because Petitioner is currently incarcerated in the District of South Carolina, this

---

[3] A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. See United States v. Little, 392 F.3d 671, 678-80 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and

§ 2241 petition was properly filed in this Court.  However, the threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Only if a federal prisoner can satisfy the savings clause of § 2255, may he pursue relief through a § 2241 habeas petition.  See San-Miguel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).[4]  The fact that relief under § 2255 is barred procedurally or by the gate-keeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective.  In re Jones, 226 F.3d at 332-33;    Chisholm v. Pettiford, Civ. A. No. 606-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006); Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001) aff'd, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938 (2002).  To trigger the savings clause of § 2255(e), and proceed under § 2241, requires that

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

---

execution of the sentence [and] the sentence itself").

[4] The "savings clause states:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
28 U.S.C. § 2255(e).

The Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).  Recently, in Whiteside v. United States, 748 F.3d 541, 551 (4th Cir. 2014), the Fourth Circuit held that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review" in a § 2255 action.  Whiteside further noted an Eleventh Circuit opinion, Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), which permitted a federal inmate to bring a § 2241 petition challenging the legality of a sentence. Whiteside, 748 F.3d at 547 n.4. However, citing Poole, the Whiteside court stated "[w]e expressly do not decide whether the savings clause in § 2255(e) might justify relief from a Simmons sentencing error through the filing of a § 2241 petition." Whiteside, 748 F.3d at 547 n.4. Thus, the Fourth Circuit has not overruled Poole to date.

Petitioner does not allege that the conduct for which he was sentenced, i.e. being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g), was rendered non-criminal by any substantive law change since the filing of his direct appeal.  Further, Petitioner does not allege that he is or was factually innocent of his predicate convictions, which were considered by the sentencing court under § 924(e), which resulted in Petitioner's ACCA sentence enhancement. Accordingly, Petitioner is not entitled to proceed under § 2241.

5

Even though Petitioner cannot proceed under § 2241, some of Petitioner's arguments warrant comment. Although it is unclear how such an argument affects the <u>In re Jones</u> test, Petitioner cites <u>Olten v. United States</u>, 134 S. Ct. 639 (2013), to support his contention that the Supreme Court has applied <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), retroactively on collateral review. In <u>Olten</u>, the Supreme Court granted the petition for writ of certiorari, vacated the judgment of the United States Court of Appeals for the Eighth Circuit, and remanded the case to the circuit court for further consideration in light of <u>Descamps</u>. See <u>Olten</u>, 134 S. Ct. 639. Of course, the armed career enhancement at issue in <u>Olten</u> was triggered by "violent felon[ies]", <u>see Olten v. United States</u>, Civ. A. No. 12-4070-CV-C-NKL-P, 2012 WL 4215858, at *1 (W.D. Mo. Sept. 19, 2012), not "serious drug offense[s]," such as those that triggered the enhancement in Petitioner's case. (<u>See</u> Dkt. No. 1-2 at 2-3 of 3.)[5] Likewise, in <u>Descamps</u>, 133 S. Ct. 2276 (2013), the issue was

_____

[5] Title 18, United States Code, Section 924(e) provides, in relevant part,

(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony ***or*** a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(2) As used in this subsection–

    (A) the term "serious drug offense" means–

        (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

        (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

    (B) the term "violent felony" means any crime punishable by imprisonment

6

whether certain convictions qualified as "violent felon[ies]" under the Armed Career Criminal Act.

In a recent unpublished opinion, the United States Court of Appeals for the Eleventh Circuit addressed the appellant's argument that his prior convictions for "sale of cocaine" under Florida Statute § 893.13(1)(a)(1) do not qualify as "serious drug offenses" under the ACCA. See United States v. Johnson, —F. App'x—, 2014 WL 2884098, at *4 (11th Cir. June 26, 2014). The Eleventh Circuit rejected the appellant's Descamps argument, stating:

> Johnson argues that his 2005 conviction cannot qualify as an ACCA predicate under the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013), because his conviction does not contain the "knowingly or intentionally" element of 21 U.S.C. § 841(a)(1). His argument is a misapplication of the portion of Descamps that outlines how to determine if a prior conviction meets the generic elements for one of the enumerated "violent felonies" in 18 U.S.C. § 924(e)(2)(B)(ii). See Descamps, 133 S.Ct. at 2282–86. In this case we are dealing with "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii), not violent felonies. Descamps did not change the definition of serious drug offenses under the ACCA. And as explained above, both of Johnson's convictions meet § 924(e)(2)(A)(ii)'s definition of "serious drug offense."

Johnson, —F. App'x—, 2014 WL 2884098, at *4.

---

for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
   (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
(C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.
18 U.S.C. § 924 (e) (emphasis added).

Regardless, Petitioner appears to argue that his convictions pursuant to "Florida Drug Statute Section 893.13 violates <u>Descamps</u>" because "it fails to contain the 'mens rea' of 'knowing.'" (Dkt. No. 1-1 at 5 of 12.) Petitioner states,

> The Florida Supreme Court removed the mens rea of "guilty knowledge" in 2002, by enacting Section 101 under chamber 893, which removed the mens rea element from offenses under 893. See Fla. Stat. 893.101 (amendment applies to "any offense under chapter"[)]."

(Dkt. No. 1-1 at 7 of 12.) Petitioner asserts that Florida's "drug statute is too broad to be considered as an 'aggravated felony,' because the element of 'knowing' was removed from consideration." (<u>Id</u>.) Petitioner further states (verbatim),

> [A]n offense under chapter 893, can't be committed without proof of knowledge of the offense, and this falls outside the generic federal statute, under which a conviction could not stand without knowledge being proved, as in this instant case "knowledge" has never been prove[n].

(<u>Id</u>. at 9 of 12.)

Petitioner's three convictions for violating Florida Statutes § 893.13 were from 1988 and 1990. (<u>See</u> Dkt. No. 1-2 at 2-3 of 3.) The legal background of the statute at issue was discussed in <u>Shelton v. Secretary, Department of Corrections</u>, 691 F.3d 1348 (11th Cir. 2012). After the Florida Supreme Court's 2002 decision in <u>Scott v. State</u>, 808 So.2d 166, 169 (Fla. 2002), "making clear that the requisite mens rea includes both knowledge of the presence of the controlled substance as well as knowledge of its illicit nature,"

> The Florida Legislature responded swiftly to the . . . decision. On May 13, 2002, it enacted a statute, now codified at Fla. Stat. § 893.101, amending the Drug Abuse Prevention and Control Act. The amendment provides in full:

(1) The Legislature finds that the cases of *Scott v. State* and *Chicone v. State*, holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.

(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.

(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissive presumption provided in this subsection.

Shelton, 691 F.3d at 1350 (quoting FLA. STAT. § 893.101). The Eleventh Circuit subsequently explained that "[t]his amendment thus eliminated from the Florida statutory scheme what had been, at the time of our Fequiere [v. Ashcroft, 279 F.3d 1325 (11th Cir. 2002),] decision a required element with the burden of proof resting on the government: *mens rea* with respect to the illicit nature of the substance." Donawa v. U.S. Att'y Gen., 735 F.3d 1275, 1281 (11th Cir. 2013).

The fact that the Florida statutes, under which Petitioner was convicted in 1988 and 1990, and which served to enhance his sentence in 1996, was amended in 2002 does not entitle Petitioner to relief. See McNeill v. United States, 131 S. Ct. 2218, 2224 (2011) (holding that "a federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' by consulting the 'maximum term of imprisonment' applicable

to a defendant's previous drug offense at the time of the defendant's state conviction for that offense" (citing § 924(e)(2)(A)(ii))); McNeil, 131 S. Ct. at 2223 ("It cannot be correct that subsequent changes in state law can erase an earlier conviction for ACCA purposes."); see also Taylor v. United States, 495 U.S. 575, 578 n.1, 602 (1990).

## RECOMMENDATION

Based on the foregoing, it is recommended that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

July 8, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).