IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alphonso James, Sr., | ) | Civil Action No.: 2:14-cv-2596-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A. Mansukhani, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On June 26, 2014, Alphonso James, Sr. ("Petitioner"), a federal prisoner currently confined at Federal Correctional Institution—Estill in Estill, SC, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  *See* Pet., ECF No. 1.  Petitioner is proceeding *pro se*.  The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Wallace W. Dixon, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.  *See* R & R, ECF No. 8.  In his R & R, the Magistrate Judge recommends the Court dismiss Petitioner's petition without prejudice and without requiring the respondent to file a return.  *See id.* at 10.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner alleges a conviction and sentencing for a firearm offense in the United States District Court for the Middle District of Florida on March 1, 1996, resulting in a sentence of 262 months of imprisonment.  *See* ECF No. 1 at 2.  Records in Petitioner's criminal case, *United States v. James*, indicate that Petitioner was originally sentenced to a 262 month term of imprisonment on March 5, 1996, subsequent to a jury verdict finding him guilty on September 15, 1995.[1]  *United*

---

[1] The court may take judicial notice of Petitioner's prior court records and proceedings.  *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

*States v. Janes*, No. 2:95-cr-33-FTM-29, at \*1 (M.D. Fla. May 23, 2014). On July 12, 1996 petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See id.* at 2. On October 31, 1996, Petitioner also filed a Notice of Appeal. *See id.* Accordingly, the Court denied Petitioner's motion to vacate for lack of jurisdiction. *See id.* On January 2, 2001, the Eleventh Circuit affirmed petitioner's conviction and sentence. *See id.* On June 4, 2001, the Court granted petitioner's Motion for Voluntary Dismissal of his Motion for Void Judgment for Lack of Jurisdiction, construed as a motion pursuant to 28 U.S.C. § 2255 in the same civil case, Case No. 2:96-cv-251-FTM-29. *See id.*

On July 9, 2001, petitioner filed another motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, which was denied on April 9, 2002. *See id.* On November 29, 2004, the Eleventh Circuit denied leave to file a second or successive motion under 28 U.S.C. § 2255. *See id.* Petitioner then filed another motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 on May 5, 2014. *See id.* The district court dismissed the petition for lack of jurisdiction via order dated May 23, 2014. *See id.* at 5.

At some point Petitioner was transferred to FCI – Estill in Estill, SC, and on June 26, 2014, he filed the Petition that is presently before the court pursuant to § 2241. Petitioner does not appear to have obtained authorization from the United States Court of Appeals for the Eleventh Circuit to proceed with a second or successive § 2255 petition.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific

objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### DISCUSSION

I.      **Petition, R & R, and Objections**

In his Petition, Petitioner asserts that he is "innocent" of his sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(g),[2] as three of his four prior convictions used to enhance his sentence are no longer considered "aggravated felon[ies] pursuant to federal law." *See* ECF No. 1 at 5–6, 11; ECF No. 1-1 at 5. Petitioner cites to the Supreme Court's decision in *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), which he claims

---

[2] ACCA imposes a mandatory minimum fifteen-year sentence on felons who violate the felon in possession statute, 18 U.S.C. § 922(g), and have three or more previous convictions for committing "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e).

3

has been made retroactive on collateral review. *See* ECF No. 1-1 at 2–3. He asserts that, applying

the modified categorical approach as detailed in *Descamps*, several of the convictions used to

enhance his sentence no longer qualify as predicate offenses under ACCA and thus he is "innocent"

of the enhancement. *See generally* ECF No. 1-1. Petitioner seeks the following relief:

> that this Court invalidate the prior convictions of non-aggravated
> felony of [sic] offenses, from the petitioner's sentence enhancement,
> and order Petitioner's immediate release, or in the alternative modify
> the petitioner's sentence, because he have done ten (10) years over
> the statutory maximum.

*See* ECF No. 1-1 at 11.

In his R & R, the Magistrate Judge recommended finding that Petitioner failed to satisfy the

savings clause of § 2255, and thus could not pursue relief through a § 2241 habeas petition. *See*

ECF No. 8 at 3–5. As the Magistrate Judge noted, Petitioner cannot challenge his federal

conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to this section,
> shall not be entertained if it appears that the applicant has failed to
> apply for relief, by motion, to the court which sentenced him, or that
> such court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the legality of
> his detention.

28 U.S.C. § 2255(e). The mere fact that relief under § 2255 is procedurally barred or barred by the

gate-keeping requirements of § 2255(h) does not render the remedy of § 2255 inadequate or

ineffective. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

The Magistrate Judge found that Petitioner was not be able to meet the test for showing that

a § 2255 motion would be inadequate or ineffective to challenge his sentence. *See Jones*, 226 F.3d

at 333–34. *In re Jones* provides that, in order to trigger the savings clause of 28 U.S.C. § 2255(e)

and proceed under § 2241, a petitioner must show that:

4

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333–34. Here, the Magistrate Judge noted that Petitioner has failed to demonstrate that the conduct for which he was <u>convicted</u>, the felon in possession charge, has been deemed non-criminal by any substantive law change since his direct appeal or § 2255. Rather, Petitioner argues that he should not be subject to the armed career criminal sentencing enhancement because several of the offenses used to enhance his sentence no longer qualify as predicate offenses.

Furthermore, as the Magistrate Judge also explained, the Fourth Circuit has specifically stated that it has not extended the savings clause of § 2255 to petitioners who only challenge their sentence. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). In *Farrow v. Revell*, the Fourth Circuit explicitly acknowledged in this very context that a "challenge to [] armed career criminal status is not cognizable in a § 2241 petition." *Farrow v. Revell*, 541 Fed. App'x 327, 328 (4th Cir. 2013); *see also Darden v. Stephens*, 426 Fed. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender under the guidelines).

Petitioner objected to the R & R, reiterating his argument that he satisfied all the requirements of the § 2255 savings clause, and thus should be allowed to proceed under § 2241 to challenge the armed career criminal enhancement. *See generally* Pet.'s Objs., ECF No. 11. Petitioner cites to an Eleventh Circuit case where the government purportedly conceded that a similar § 2241 petition had merit and was cognizable under the savings clause of § 2255(e). *See id.*

(citing *Macky v. Warden*, 739 F.3d 657 (11th Cir. 2014)).[3]  Petitioner also argues that the Supreme

Court's decision in *Olten v. United States*, __ U.S. __, 134 S. Ct. 639 (2013), made *Descamps*

retroactive on collateral review.  *See id.* at 3–4.

## II.    Analysis

Petitioner's objections fail establish that the Court should allow him to proceed under §

2241.  Petitioner seeks to challenge his enhanced sentence due to his status as an armed career

criminal pursuant to 18 U.S.C. § 924(e).  He argues that one three of the predicate offenses used to

determine his armed career criminal status are no longer considered "serious drug offenses," and

thus he is "innocent" of the enhancement.

"As a threshold matter, it is well established that defendants convicted in federal court are

obliged to seek habeas relief from their convictions and sentences through § 2255."  *Rice v. Rivera*,

617 F.3d 802, 807 (4th Cir. 2010) (emphasis added).  A § 2241 petition "generally challenges the

execution of a federal prisoner's sentence, including such matters as the administration of parole,

computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison

transfers, type of detention and prison convictions."  *Gonzalez-Martinez v. Drew*, No. 8:11-cv-437,

2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146

(2d Cir. 2001)).  "It is only when '§ 2255 proves inadequate or ineffective to test the legality of

detention,' that a federal prisoner may pursue habeas relief under § 2241."  *Rice*, 617 F.3d at 807

(quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).  As noted above, the test set forth in *In re

Jones* establishes when § 2255 is "inadequate or ineffective."

Here, Petitioner has failed to show a substantive change in law such that the conduct for

which he was <u>convicted</u>, the felon in possession charge, is deemed not to be criminal.  Thus, as the

---

[3] The Court notes that, with regard to the *Macky* case, the "sentencing court" was the court that
heard the 2241 petition, as well as previous 2255 motions, not another court in another circuit.

Magistrate Judge correctly found, Petitioner cannot satisfy the savings clause of § 2255(e). Moreover, the Fourth Circuit has specifically found that Petitioner's claim is not cognizable via a § 2241 petition. *See Farrow*, 541 Fed. App'x at 328. Accordingly, the Court finds that his objections are without merit. As the Magistrate Judge explained, Petitioner's reliance on *Decamps* is improper, as that case dealt with determining whether a conviction constituted a "violent felony" for ACCA purposes; it did not deal with "serious drug offenses." In any event, *Descamps* has not been made retroactive on collateral review by the Supreme Court, *see Thompson v. United States*, C/A No. 7:14-2881-GRA, 2014 WL 3809538, at *2 n.3 (D.S.C. July 30, 2014); *Baker v. Zych*, C/A No. 7:13-cv-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases which hold that Descamps is not retroactive on collateral review). Petitioner's reliance on case law from other jurisdictions regarding the procedural rules of § 2241 petitions is also unavailing, as Fourth Circuit precedent binds this court. Based on the authorities cited above, the Court finds that dismissing the petition without prejudice is appropriate.[4]

---

[4] Because the Petition appears to seek sentencing relief contemplated by 28 U.S.C. § 2255, the Court considered construing the petition as a § 2255 petition and transferring it to the sentencing court: the Middle District of Florida. As noted above, however, Petitioner previously filed a § 2255 motion to vacate in the sentencing court, which that court dismissed. *See United States v. Mason*, No. 2:95-cr-33-FTM-29, at *1 (W.D.N.C. Oct. 24, 2014). For the Middle District of Florida to have jurisdiction to entertain a successive § 2255, petitioner would need to receive pre-filing authorization from the Eleventh Circuit Court of Appeals, which he does not appear to have done. Accordingly, the court finds that transferring the petition to the Middle District of Florida would not be in the interest of justice, as that court would lack jurisdiction. *See, e.g.*, *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013) ("[B]ecause petitioner has proceeded on several occasions under § 2255 in the sentencing court and has not obtained certification to file a successive motion, the court will dismiss the petition rather than transfer it to the sentencing court."); *Dorise v. Zych*, No. 7:12cv00029, 2012 WL 843779, at *2 (W.D. Va. Mar. 12, 2012) (dismissing § 2241 petition challenging career offender sentencing enhancement instead of construing it as a § 2255 motion and transferring it to the sentencing court because it would have been a "clearly successive § 2255 motion" in that court); *Eubanks v. Compton*, No. 704CV00307, 2004 WL 3606911, at *2 (W.D. Va. June 17, 2004) (dismissing § 2241 petition challenging armed career criminal sentencing enhancement instead of construing it as a § 2255 motion and transferring it to the sentencing court because it would have been a successive § 2255 in that court).

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Petitioner's petition, the Magistrate Judge's R & R, Petitioner's objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 petition is **DISMISSED** *without prejudice* and without requiring respondent to file a return.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
November 18, 2014

8